FILED

2016 Mar-21  AM 11:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **PAUL E. BURRELL,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  5:15-cv-00251-MHH** |
| | } | |
| **COUNTY GOVERNMENT OF** | } | |
| **MADISON COUNTY, ALABAMA,** | } | |
| **et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

In this action, *pro se* plaintiff Paul Burrell, a resident of Tennessee, alleges that several defendants violated his due process rights under the Fifth and Fourteenth Amendments by securing a child support default judgment against him in the Juvenile Court of Madison County, Alabama without notifying him of the court proceedings.  To obtain relief for the alleged constitutional violations, Mr. Burrell asserts claims against the defendants under 42 U.S.C. § 1983.  Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the State of Alabama Department of Human Resources (ADHR) has moved to dismiss Mr. Burrell's §

1983 claim against the department.  (Doc. 8).[1]  Also pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), Judge Ruth Ann Hall and Judge Claude E. Hundley have moved to dismiss Mr. Burrell's § 1983 claims against them.  (Doc. 14).[2]  For the reasons explained below, the Court will grant the motions and dismiss this action.[3]

## I.   STANDARDS OF REVIEW

### A.   Rule 12(b)(1) Standard

Rule 12(b)(1) enables a defendant to move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).   A defendant may present

---

[1] ADHR styled its motion to dismiss as one pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Doc. 9, 3).  To the extent that ADHR seeks dismissal of Mr. Burrell's § 1983 claim on the basis of Eleventh Amendment immunity, the Court construes the motion as one for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1).   *See McClendon v. Ga. Dep't. of Community Health*, 261 F.3d 1252, 1256 (11th Cir. 2001) ("Because the Eleventh Amendment represents a constitutional limitation on the federal judicial power established in Article III, . . . , federal courts lack jurisdiction to entertain suits that are barred by the Eleventh Amendment.") (internal citation omitted).  Because dismissal on Eleventh Amendment grounds is jurisdictional, Federal Rule of Civil Procedure 12(b)(1) guides the Court's analysis.  *See Bennett v. United States*, 102 F.2d 486, 488 n. 1 (11th Cir. 1996); *see also Thomas v. United States Postal Service*, 364 Fed. Appx. 600, 601 n. 3 (11th Cir. 2010).

[2] Judge Hall and Judge Hundley's motion cites the standard for Federal Rule of Civil Procedure 12(b)(6) motions. (Doc. 14, p. 2).  However, like ADHR, Judge Hall and Judge Hundley present jurisdictional arguments in their motion to dismiss.  To the extent Judge Hall and Judge Hundley seek dismissal of Mr. Burrell's claims for lack of subject matter jurisdiction, the Court analyzes those arguments pursuant to Federal Rule of Civil Procedure 12(b)(1).

[3] After the parties fully briefed the motions to dismiss, Mr. Burrell filed an amended complaint on April 24, 2015 (Doc. 17) and a second amended complaint on December 27, 2015 (Doc. 27).  As explained in the Court's March 7, 2016 order, Mr. Burrell's second amended complaint is the operative pleading, and the Court deems the fully briefed motions to dismiss as motions to dismiss Mr. Burrell's second amended complaint.  (*See* Doc. 31, pp. 2-3).  The Court held a telephone conference on the motions to dismiss on March 17, 2016.  A court reporter was present, and a transcript is available upon request.

either a facial or a factual challenge to subject matter jurisdiction. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). If it is apparent from the face of the complaint that the plaintiff has pled facts that confer subject matter jurisdiction under a statute, then a court must deny a defendant's 12(b)(1) motion. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335 (11th Cir. 2013). In conducting a facial analysis, a court must take the allegations of the complaint as true. *Houston*, 733 F.3d at 1335. In contrast, when a defendant mounts a factual challenge to subject matter jurisdiction, a district court may consider extrinsic evidence and weigh the facts to determine whether it may exercise jurisdiction. *Houston.* 733 F.3d at 1336.

### B.    Rule 12(b)(6) Standard

Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the "liberal pleading standards set forth by Rule 8(a)(2)." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pursuant to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Generally, to survive a [Rule 12(b)(6)] motion to dismiss and meet the requirement of Fed. R. Civ. P. 8(a)(2), a complaint need not contain 'detailed factual allegations,' but rather 'only enough facts to state

a claim to relief that is plausible on its face.'" *Maledy v. City of Enterprise*, 2012 WL 1028176, *1 (M.D. Ala. March 2012) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007)). "Specific facts are not necessary; the statement needs only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555).

"Thus, the pleading standard set forth in Federal Rule of Civil Procedure 8 evaluates the plausibility of the facts alleged, and the notice stemming from a complaint's allegations." *Keene v. Prine*, 477 Fed. Appx. 575, 583 (11th Cir. 2012). "Where those two requirements are met . . . the form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim." *Id.*

This is particularly true with respect to *pro se* complaints. Courts must liberally construe *pro se* documents. *Erickson*, 551 U.S. at 94. "'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Tannenbaum v. United States*, 148 F.3d 1262 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Still, the Court "may not

serve as de facto counsel for a party . . . or rewrite an otherwise deficient pleading in order to sustain an action." *Ausar-El ex. rel. Small, Jr. v. BAC (Bank of America) Home Loans Servicing LP*, 448 Fed. Appx. 1, 2 (11th Cir. 2011) (internal quotations and citations omitted).

When evaluating a motion to dismiss, a district court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *See Brophy v. Jinagbo Pharms. Inc.*, 781 F.3d 1296, 1301 (11th Cir. 2015).

## II. FACTUAL BACKGROUND

On May 10, 2008, the State of Alabama filed a petition for child support in the Juvenile Court of Madison County, Alabama in a case styled *State of Alabama ex rel. April Burrell v. Paul Burrell*, CS-2008-900138.00. (Doc. 1 in CS-2008-900138).[4] The petition alleged that April Burrell had received assistance from ADHR to support the Burrells' minor children. The petition also stated that Ms. Burrell had assigned "support rights in regard to the child(ren) to the State of

---

[4] Mr. Burrell's second amended complaint mentions this state court action. (*See* Doc. 27, ¶¶ A-C). The record for the state court action is available on the Alacourt website. The Court takes judicial notice of that record. *See Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010) (district court properly took judicial notice of documents related to the plaintiff's previous civil action because the documents "were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'") (quoting Fed. R. Evid. 201(b); other internal citations omitted). The Court cites to entries on the Alacourt case action summary by document and case number.

Alabama, Department of Human Resources," and the "payments are an obligation due to the State of Alabama." (Doc. 1 in CS-2008-900138). The petition asked the juvenile court to set a hearing to determine the amount of support that Mr. Burrell owed and to require Mr. Burrell to pay retroactive support to the State of Alabama for any period of time in which he owed a legal duty to pay support for his children and failed to pay. (Doc. 1 in CS-2008-900138.00).

On May 28, 2008, Timothy Callins, assistant district attorney for the Madison County Department of Human Resources child support division, served Mr. Burrell with a summons on behalf of the State of Alabama. (Doc. 27, ¶ A).[5] The summons asked Mr. Burrell to respond to allegations of "arrears and alimony due to the state of Alabama paying out welfare to a client." (Doc. 27, ¶ A). Mr. Burrell responded to the summons and asked that the State's claims be investigated. Mr. Burrell attached financial records to his response. (Doc. 27, ¶ A).

On June 9, 2008, Mr. Burrell received a letter that acknowledged receipt of Mr. Burrell's response and asked whether Mr. Burrell had a divorce order requiring child support payment. (Doc .27, ¶ B). The letter stated that if Mr. Burrell would mail receipts for support payments, then Mr. Burrell might be able

_____

[5] The Court cites to the pleadings in this action, 15-cv-251-MHH, by document and page or paragraph number.

to arrange a settlement instead of litigating the claim in court.  (Doc. 27, ¶ B).  Mr. Burrell mailed the receipts to Mr. Callins, but Mr. Burrell did not receive a response.  (Doc. 27, ¶ B).

Meanwhile, Mr. Burrell and his former wife were pursuing a divorce.  On January 27, 2009, the Circuit Court of Jefferson County, Alabama issued a final decree declaring that Mr. Burrell and his wife were divorced.  (Doc. 27, ¶ E; Doc. 1, p. 5).[6]  The final judgment of divorce contains the following provision:

> FOURTH: That reference is hereby made in this Final Judgment of Divorce to a separate order titled Order/Notice to Withhold Income for Child Support, pursuant to Code of Alabama 1975, Title 30-3-60 et seq., which is specifically incorporated herein as part of the Court's order and decree in this cause.  However, this Order shall NOT be served until further Order of the Court due to direct payment of such from the Defendant to the Plaintiff.

(Doc. 1, p. 5).  The Order/Notice mentioned in the judgment of divorce instructed Mr. Burrell's employer to withhold a portion of Mr. Burrell's wages until further notice.  (Doc. 1, p. 9).  A separate form with information about the withholdings

---

[6] Mr. Burrell attached a copy of the divorce decree to his original complaint.  (Doc. 1, p. 5).  Mr. Burrell refers to the exhibit in his second amended complaint.  (Doc. 27, ¶ E).  The Court may consider the document in ruling on ADHR's motion to dismiss.  *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."); *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n. 7 (11th Cir. 2006) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleading for purposes of Rule 12(b)(6) dismissal.").  The Court also takes judicial notice of the divorce decree in *Burrell v. Burrell*, Case DR-08-1521, found on Alacourt.com.  *See Horne*, 392 Fed. Appx. at 802.

contains a handwritten note that states, "No arrearage, DO NOT Serve." (Doc. 1, p. 10).

On April 8, 2009, a juvenile court referee in the Juvenile Court of Madison County, Alabama held a hearing in *State of Alabama ex rel. Burell v. Paul Burrell,* CS-2008-900138.00. (Doc. 27, ¶ C; *See* Doc. 7, p. 1, CS-2008-900138.00). Marilyn Kavanaugh, Assistant District Attorney for the State of Alabama, appeared at the hearing on behalf of ADHR. Mr. Burrell did not attend the hearing because he did not receive notice of the April 8, 2009 hearing. (Doc. 27, ¶ C; see also Doc. 7, p. 1, CS-2008-900138.00).[7] The record before the Court does not contain a transcript from that hearing; however, on May 4, 2009, the juvenile court referee issued a "Report, Findings and Recommendations of Referee Regarding Default Order Setting Amount of Child Support." (Doc. 7, CS-2008-900138.00). The juvenile court referee explained that the State of Alabama submitted an affidavit for a default judgment pursuant to Rule 55(b)(2) of the Alabama Rules of Civil Procedure. (Doc. 7, p. 1, CS-2008-900138.00). Based on the affidavit and the pleadings, the juvenile court referee found that Mr. Burrell had been served with the summons and petition and that he failed to plead or otherwise defend the action. (Doc. 7, p. 1, CS-2008-900138.00). The juvenile court referee also found

---

[7] The April 8, 2009 hearing was set via a March 3, 2009 docket entry in CS-2008-900138.00. A March 12, 2009 docket entry states that the court sent notice to Mr. Burell, his ex-wife, and ADHR attorneys Timothy Callins and Marilyn Cavanaugh. The docket entries do not contain text or an attached document that describes the content of the notice. (*See* March 12, 2009 docket entries in CS-2008-900138.00).

that Mr. Burrell was obligated to pay child support for four minor children and that he has not supported the children.  (Doc. 7, p. 1, CS-2008-900138.00).

The juvenile court referee noted that after the State of Alabama filed the petition for support in Madison County, Alabama, Mr. Burrell and his wife were divorced in Jefferson County, Alabama.  (Doc. 7, p. 2, CS-2008-900138.00).  The juvenile court referee explained that the Jefferson County judgment of divorce required Mr. Burrell to pay child prospectively, but the judgment was silent with respect to retroactive child support from the date that Mr. Burrell and his wife separated.  (Doc. 7, p. 2, CS-2008-900138.00).  Consequently, the Madison County juvenile court referee recommended that the court enter a default judgment against Mr. Burrell and order that he pay $32,904.00 in retroactive child support.  (Doc. 7, p. 2, CS-2008-900138.00).  According to Mr. Burrell, the $32,904.00 balance was "to gain interest of twelve percent until [] balance in paid in full, then i[n] September 2011 a law was passed that add[ed] seven and half percent interest for a total of nineteen percent interest to gain until the balance was paid in full."  (Doc. 27, ¶ C).

On May 18, 2009, Madison County Juvenile Court Judge Ruth Ann Hall entered an order that ratified the juvenile court referee's findings and recommendations.  (Doc. 7, p. 3, CS-2008-900138.00).  On May 28, 2009, Mr. Burrell received his paycheck and realized that he had "a garnishment of wages for

child support and arrears." (Docs. 27, ¶ C). Mr. Burrell went to the Madison County Courthouse to find out why his wages were being garnished. Someone at the courthouse told him to write a letter to Judge Hall and request a rehearing. (Doc. 27, ¶ C).

On June 2, 2009, the Madison County clerk entered a letter from Mr. Burrell dated and stamped received May 29, 2009. (Doc. 11, CS-2008-900138.00). In the letter, Mr. Burrell asked for a rehearing of his child support case. Mr. Burrell explained that he did not receive notice of the hearing because his address had changed, and he was not receiving mail at his new address. Mr. Burrell provided his new address and asked the court to send notices to that address. Mr. Burrell also informed Judge Hall that he had lost his former job and was making only $10.05 per hour at his new job. Mr. Burrell asked Judge Hall to "please grant [] a rehearing." (Doc. 11, CS-2008-900138.00).

On June 5, 2009, the Madison County clerk entered another letter from Mr. Burrell. He stated that he was not aware of a hearing in Madison County Juvenile Court and that based on his Jefferson County, Alabama divorce decree, he understood that he was current on his child support payments. Mr. Burrell explained that he had changed jobs and was not able to pay the default judgment. The letter concluded with a request "to be heard in court on this case if possible." (Doc. 12, CS-2008-900138.00).

On June 9, 2009, Judge Hall entered an order setting a hearing for July 20, 2009.  (Doc. 13, CS-2008-900138.00).  Mr. Burrell alleges that when he arrived at the courthouse on July 20, 2009, Judge Hall told him that "the court [was] not going to hear [his] claim because the court had already ruled on this matter at the April 2009 hearing."  Judge Hall purportedly continued:  "'Although [Mr. Burrell] did change [his] address and [the] court clerk did change [his] address[,] notice of the hearing was sent out to [Mr. Burrell's] respected address.'  Further, [Judge Hall] stated that payments made by [Mr. Burrell] during the period of retro would not be address[ed] because they were addressed in the April hearing."  (Doc. 27, ¶ D).

On July 31, 2009, the Madison County deputy clerk issued a process of garnishment to Mr. Burrell's employer for $33,278.32, consisting of the $32,904.00 default judgment plus interest and costs.  (Doc. 15, CS-2008-900138.00).  A docket entry reflects that Mr. Burrell's employer answered the process of garnishment on August 10, 2009.  (*See* August 10, 2009 docket entry, CS-2008-900138.00).  A September 24, 2009 docket entry indicates that the case was resolved by a bench verdict, but there is no paper order or text explaining the decision.  (*See* September 24, 2009 docket entry, CS-2008-900138.00).

On July 14, 2011, the Madison County clerk docketed a letter dated July 6, 2011 from Mr. Burrell's employer notifying the court that Mr. Burrell was no

longer employed with the company.   (Doc. 18, CS-2008-900138.00).   On November 20, 2013, the Madison County clerk docketed a letter from Mr. Burrell dated October 21, 2013.   (Doc. 19, CS-2008-900138.00).   Mr. Burrell explained that he was "writing to request a review of my case.   I have enclosed in this package a few things that I would like to discuss with the courts."   (Doc. 19, p. 2, CS-2008-900138.00).   Mr. Burrell hoped to explain to the judge that he had been providing for his children.   (Doc. 19, p. 2, CS-2008-900138.00).   Mr. Burrell also contacted ADHR to ask that the department "consider this matter since they were the ones to bring fo[]rth these proceedings in the courts."   (Doc. 27, ¶ E.iii).   Mr. Burrell alleges that ADHR told him that "there was nothing he could do about the judgment except [] live with it and pay."   (Docs. 1, 17, ¶ E.iii).

On April 24, 2014, Mr. Burrell filed a petition in the Circuit Court of Madison County, Alabama in a case styled *April Parrish v. Paul Burrell*, CS-2008-9000138.01.   In the petition, Mr. Burrell asked the court to set aside the default judgment in Madison County Juvenile Court.   (Doc. 1, CS-2008-900138.01).   On November 7, 2014, District Judge Claude Hundley entered an order setting a hearing and status conference for December 4, 2014.   (Doc. 13, CS-2008-900138.01).   On December 4, 2014, Judge Hundley entered an order setting the case for a final hearing and bench trial on December 22, 2014.   (Docs. 15, 17, CS-2008-900138.01).   Also on December 4, 2014, Mr. Burrell filed a motion to have

12

Mr. Callins and Ms. Kavanaugh included in the proceedings.  (Doc. 18, CS-2008-900138.01).  The docket sheet for the *Parrish* case does not indicate whether Judge Hundley held a hearing or bench trial on December 22, 2014.

On January 5, 2015, JoLayne G. Hall, Madison County Assistant District Attorney, filed a motion to dismiss the State's juvenile court action against Mr. Burrell and to void the orders entered in *State of Alabama ex rel. Burrell v. Paul Burrell,* CS-2008-900138.00.  (Doc. 28, CS-2008-900138.01).  The motion states that ADHR:

> filed an original action for support for the minor children in this Honorable Court in 2008.  The custodial parent of the minor children concurrently filed for divorce in Jefferson County, Alabama. Pursuant to Section 6-5-440 of the Code of Alabama (1975), "[n]o plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party." Jefferson County Circuit Court took jurisdiction over support for the minor children when the divorce action was filed.  As such, this case is due to be dismissed.

(Doc. 28, CS-2008-900138.01).  Judge Hundley granted the State's motion to dismiss.  (Doc. 30, CS-2008-900138.01).

On January 13, 2015, Mr. Burrell filed a motion to vacate, alter, or amend Judge Hundley's order dismissing the Madison County child support proceeding. (Doc. 34, CS-2008-900138.01).  On January 13, 2015, Mr. Burrell also filed a motion seeking clarification of Judge Hundley's dismissal order.  (Doc. 35, CS-2008-900138.01).  On January 15, 2015, Judge Hundley entered an order

rescinding the dismissal order and setting Mr. Burrell's motion for clarification and all other pending motions for a hearing on January 30, 2015. (Doc. 36, CS-2008-900138.01). On February 2, 2015, Judge Hundley entered an order in both the juvenile court case and the circuit court case.[8] The order stated:

> It is hereby **ORDERED** that this Court's Order of child support entered in 900138.00 be set aside in its entirety as there is a Final Decree of Divorce establishing child support obligations entered in Jefferson County Circuit Court in Case No. DR08-1521. Therefore, the District Court of Madison County, Alabama does not have jurisdiction in this matter. Any further modification and/or court filings regarding the child support obligation entered in Jefferson County, Alabama in Case No. DR08-1521 will need to be filed in the appropriate jurisdiction of Jefferson County, Alabama.
>
> It is hereby **ORDERED** that this case, CS08-9000138.01, be dismissed and all previous orders in association with this matter be deemed void.

(Doc. 20, CS-2008-900138.00; Doc. 42, CS-2008-900138.01).

Based on these facts, Mr. Burrell filed a lawsuit in this Court on February 11, 2015. (Doc. 1). Mr. Burrell alleges that the Madison County Government, ADHR, Judge Hall, Mr. Callins, Ms. Kavanaugh, Judge Hundley, Ms. Hall, and ADHR Commissioner Nancy Buckner violated his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution by failing to

---

[8] It is unclear from the state court docket whether CS-2008-9000138.01 proceeded in circuit or district court. The caption on Mr. Burrell's petition states that it was filed in the Circuit Court of Madison County. The summonses that the clerk issued in the case also reference the Circuit Court of Madison County. However, the captions to Judge Hundley's orders suggest that the case proceeded in the District Court of Madison County. Whether the case proceeded in circuit or district court is immaterial to the Court's analysis.

notify him of the April 8, 2009 hearing in Madison County Juvenile Court.  (Docs. 1, 17, 27).  Mr. Burrell seeks money damages in the amount of $78,149.53; he asks the State of Alabama refund to him all money that the State garnished under the juvenile court default order; and he asks this Court to require the defendants to remove the Madison County default judgment from his credit report, halt the garnishment of his wages, remove his name from the "Deadbeat Dads" list, send notice to the IRS to stay the tax forfeiture on his income taxes, and perform an investigation of his ex-wife for welfare fraud.  (Doc. 27, p. 4).  Mr. Burrell also asks for punitive damages.  (Doc. 27, p. 3).

On this record, the Court considers the defendants' motions to dismiss.[9]

## III.   ANALYSIS

### A.   Mr. Burrell's claim for relief under the Fifth Amendment fails because the defendants are not federal actors.

---

[9] Mr. Burrell has not served defendants Madison County, Alabama, Timothy Callins, Marilyn Kavanaugh, Jolayne Hall, and Nancy Buckner.  When Mr. Burrell filed his lawsuit on February 11, 2015, Federal Rule of Civil Procedure 4(m) provided:  "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  On November 24, 2015, the Court entered an order instructing Mr. Burrell to serve these defendants on or before December 28, 2015.  (Doc. 25).  The order stated that if Mr. Burrell did not serve defendants Madison County, Alabama, Timothy Callins, Marilyn Kavanaugh, Jolayne Hall, and Nancy Buckner on or before December 28, 2015, the Court might dismiss his claims against these defendants pursuant to Federal Rule of Civil Procedure 4(m).   (Doc. 25, p. 3).  Because Mr. Burrell has not served defendants Madison County, Alabama, Timothy Callins, Marilyn Kavanaugh, Jolayne Hall, and Nancy Buckner, consistent with the November 24 order, the Court will dismiss the claims against these defendants.

Mr. Burrell's complaint states that "the Due Process clause of the Fifth Amendment prohibits the government in a civil forfeiture case from seizing real property without first affording the owner notice and an opportunity to be heard." (Doc. 27, ¶ D.iii).  The Fifth Amendment governs the conduct of federal actors, not state actors.  *Riley v. Camp*, 130 F.3d 958, 972 n. 19 (1997) (stating that Fifth Amendment did not apply where the acts complained of "were committed by the state rather than federal officials."); *Buxton v. Plant City*, 871 F.2d 1037, 1041 (11th Cir. 1989) ("The fifth amendment to the United States Constitution restrains the federal government, and the fourteenth amendment, section 1, restrains the states, from depriving any person of life, liberty, or property without due process of law.").  Therefore, pursuant to Rule 12(b)(6), the Court will dismiss with prejudice Mr. Burrell's Fifth Amendment claims against ADHR, Judge Hall, and Judge Hundley because these defendants are state actors, not federal actors.  *See Chen v. Lester,* 364 Fed. Appx. 531, 537 (11th Cir. 2010) ("Because Plaintiffs did not allege that any defendants were federal officials, claims brought under the Fifth Amendment were properly dismissed).

**B.    The Eleventh Amendment bars Mr. Burrell's Fourteenth Amendment claim against ADHR.**

The Eleventh Amendment bars Mr. Burrell's Fourteenth Amendment due process claim against ADHR because the department is an arm of the State of Alabama.  The Eleventh Amendment to the Constitution of the United States

provides that: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. "Although the express language of the [Eleventh] [A]mendment does not bar suits against a state by its own citizens, the Supreme Court has held that an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens." *Carr v. City of Florence,* 916 F.2d 1521, 1524 (11th Cir. 1990) (citing *Hans v. Louisiana,* 134 U.S. 1, 10 (1890)).

> There are two exceptions to Eleventh Amendment immunity:
>
> First, Congress can abrogate eleventh amendment immunity without the state's consent when it acts pursuant to the enforcement provisions of section 5 of the fourteenth amendment. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 238, 105 S.Ct. 3142, 3145, 87 L.Ed.2d 171 (1985). Second, a state may waive its immunity expressly through legislative enactment. "[I]n the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984).

*Carr*, 916 F.2d 1521, 1524-25 (11th Cir. 1990) (internal footnote omitted).  Neither exception applies here.   Congress has not abrogated Eleventh Amendment immunity in § 1983 cases.  *Quern v. Jordan*, 440 U.S. 332, 338 (1979).  And the State of Alabama has not waived its immunity.  *See* Ala. Const. art. I, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity.").

Therefore, pursuant to Rule 12(b)(1), the Court will dismiss with prejudice Mr. Burrell's Fourteenth Amendment claim against ADHR for lack of jurisdiction. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984) ("[A] suit in which the State or one of its agencies or departments is named as defendant is proscribed by the Eleventh Amendment" regardless of the nature of the relief sought.); *see also Rizo v. Ala. Dep't. of Human Res.*, 228 Fed. Appx. 832, 834-35 (11th Cir. 2007) (affirming dismissal of Alabama Department of Human Resources on Eleventh Amendment immunity grounds); *Poindexter v. Dep't of Human Res.*, 946 F. Supp. 2d 1278, 1284 (M.D. Ala. 2013) (recognizing that the Alabama Department of Human Resources is a state agency and dismissing §1983 claims against the department for lack of jurisdiction).[10]

### C.   Judge Hall and Judge Hundley are immune from suit for money damages.

In the Eleventh Circuit, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239) (11th Cir. 2000) (per curiam) (internal quotation marks and citations omitted).   "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* (citing *Stump v.*

---

[10] Because the Court concludes that the Eleventh Amendment bars Mr. Burrell's Fourteenth Amendment claim, the Court does not consider ADHR's arguments concerning the statute of limitations or sufficient service of process.  (*See* Doc. 9, pp. 4, 7).

*Sparkman*, 435 U.S. 349, 356-57 (1978)).  "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'"  *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)).

Mr. Burrell maintains that judicial immunity does not bar his claims for damages against Judge Hundley and Judge Hall because "denial of one's Constitutional and civil rights is absolutely not [a] Judicial function[]."  (Doc. 21, p. 1).  Although denial of a Constitutional or civil right may not be a judicial function, Mr. Burrell's second amended complaint alleges that Judge Hall and Judge Hundley denied his due process rights as a result of actions that Judge Hall and Judge Hundley took as they managed their dockets and issued orders in the action that ADHR filed against Mr. Burrell.  These are judicial acts.  *See Sibley v. Lando*, 437 F.3d 1067, 1071 (11th Cir. 2005) ("As § 1983 is applied to this case, therefore, we do not ask whether civil incarceration was appropriate. The inquiry is whether ordering civil incarceration is a judicial activity. Similarly, we do not review whether the substance of a question at oral argument was improper, but rather, whether questions in oral argument are judicial acts.").

The Court is not persuaded by Mr. Burrell's argument that Judge Hall and Judge Hundley acted in the clear absence of all jurisdiction.  Mr. Burrell states:

> [D]uring the time that Judge Hall [p]resided over [his] case [,] she was acting as a juvenile Judge.  Judge Hall did not and does not have personal or subject matter jurisdiction to rule on a case that was decided in Jefferson County Alabama in Circuit Court being a lower court Judge and in another jurisdiction.  Judge Hundley is a District court judge and was during the time he presided over the plaintiff's case but he as well didn't have subject matter jurisdiction to rule on the case yet as he did as well.  This means that he too violated his judicial powers and is subject to this suit for the same reasons as Judge Hall.

(Doc. 21, p. 2).

Mr. Burrell correctly points out that under Alabama law, the Juvenile Court of Madison County did not have jurisdiction over ADHR's child support action because those obligations were the subject of concurrent divorce proceedings in Jefferson County, Alabama.  Indeed, Judge Hundley found that the child support order that Judge Hall entered was void because the Juvenile Court of Madison County lacked jurisdiction to determine Mr. Burrell's child support obligations.  (Doc. 20, CS-2008-900138.00;  Doc. 42, CS-2008-900138.01).   Both Judge Hundley and Judge Hall had authority to determine whether Madison County had jurisdiction to entertain ADHR's child support proceeding.  Judge Hall mistakenly ruled on ADHR's claim, and Judge Hundley corrected the error.  Neither judge forfeited judicial immunity by determining the jurisdiction of the Madison County court over ADHR's claim.  *See Bolin*, 225 F.3d at 1234.  Therefore, Mr. Burrell's §

1983 claims for damages against Judge Hall and Judge Hundley fail to state a claim.

### D. The Court has subject matter jurisdiction over Mr. Burrell's claims for injunctive relief, but Mr. Burrell does not have standing to seek injunctive relief against Judge Hall and Judge Hundley.

#### 1. Standing

Judge Hall and Judge Hundley argue that the Court lacks subject matter jurisdiction over Mr. Burrell's claims for injunctive relief under the *Rooker-Feldman* doctrine. The Court disagrees.

"Under the *Rooker–Feldman* abstention doctrine, '"[i]t is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision."' *Harper v. Chase Manhattan Bank*, 138 Fed. Appx. 130, 132-33 (11th Cir. 2005) (quoting *Dale v. Moore,* 121 F.3d 624, 626 (11th Cir.1997)). Judge Hundley entered an order providing Mr. Burrell with the relief he sought. Mr. Burrell is not the losing party in state court. He has not asked the Court to reverse or invalidate a final state court decision, and he has not asked the Court to enjoin enforcement of Judge Hundley's order. Therefore, *Rooker-Feldman* does not apply here. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) ("The *Rooker-Feldman* doctrine . . . is confined to cases . . . brought by state-court losers complaining of injuries causes by state-court judgments rendered

before the district court proceedings commenced and inviting district court review and rejection of those judgment.").

Although the Court has subject matter jurisdiction over Mr. Burrell's claims for injunctive relief, Mr. Burrell does not have standing to seek injunctive relief against Judge Hall and Judge Hundley.  "For a plaintiff seeking prospective relief to have standing, he 'must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future.'"  *Koziara v. City of Casselberry*, 392 F.3d 1302, 1305 (11th Cir. 2004) (quoting *Johnson v. Bd. of Regents,* 263 F.3d 1234, 1265 (11th Cir. 2001)).  Mr. Burell has made no such showing.  Judge Hundley voided the child support order that Judge Hall entered in the juvenile court action.   Based on Judge Hundley's February 2, 2015 order, neither he nor Judge Hall may enter orders or conduct proceedings regarding Mr. Burrell's Jefferson County child support obligations.  (*See* Doc. 20, CS-2008-900138.00; Doc. 42, CS-2008-900138.01).  Therefore, Mr. Burrell does not have standing to seek injunctive relief because he cannot show a sufficient likelihood that Judge Hall or Judge Hundley will subject him to allegedly unconstitutional conduct concerning child support proceedings in Madison County, Alabama. *See Koziara*, 392 F.3d at 1305; *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Past exposure to illegal conduct does not constitute a present case or controversy

involving injunctive relief.").  Therefore, the Court will dismiss with prejudice Mr. Burrell's claims for injunctive relief against Judge Hall and Judge Hundley.

### 2.    Alternative Remedies

Even if Mr. Burrell had standing to pursue injunctive relief against Judge Hundley or Judge Hall or any other defendant for that matter, the Court would not provide the relief that Mr. Burrell requests unless Mr. Burrell first demonstrated that he has exhausted the other remedies that are available to him.  Mr. Burrell is searching for a way to clear his record of the finding of the Juvenile Court of Madison County that he was in arrears on his child support payments.  Judge Hundley has voided the order containing that finding, but Mr. Burrell reports that the finding continues to affect him.  He asserts that his credit rating has suffered, and he has not been able to get a passport or to collect his federal income tax refunds.  Mr. Burrell also wants to compel the State of Alabama to refund the wages that the State improperly garnished under the void juvenile court default order.

Administrative remedies are available to help Mr. Burrell obtain the relief he seeks.  For example, ADHR has a three-step administrative appeals process that Mr. Burrell may follow to challenge ADHR's garnishment of his wages.  ADHR's website describes the process as follows:

Explanation of Departmental Action – You have the right to request a review of any action or inaction by the agency. You have three options:

(1) You may request a conference with the child support worker who has been handling your case.

(2) You may request a review of your case at the county level without a conference with the worker.

(3) You may request an administrative hearing at the State Office level of Child Support Enforcement.

Your request for review must be submitted in writing to the County Department of Human Resources that is handling your child support case.

(http://dhr.alabama.gov/services/child_support_services/Documents/Ala%20CS%20Guide%202010.pdf). If Mr. Burrell exhausts all remedies available through ADHR and is not satisfied, then Mr. Burrell may consult Alabama Code § 41-22-20 for guidance about appeals from adverse administrative decisions through Alabama's state courts.

Mr. Burrell also may request some of the relief that he seeks in this action directly from state court. *See Stephens v. Nelson*, 141 So. 3d 1073, 1076 (Ala. Civ. App. 2013) ("A trial court retains jurisdiction to interpret and enforce its own judgments."). Judge Hundley previously has provided relief to Mr. Burrell. None of the allegations in Mr. Burrell's complaint indicate that Judge Hundley would not be willing to consider the relief that Mr. Burrell seeks from this court. Relief also may be available from the Jefferson County Domestic Relations Court that has

jurisdiction over the judgment of divorce concerning Mr. Burrell and his ex-wife. *Garris v. Garris*, 643 So. 2d 993, 995(Ala. Civ. App. 1994) ("For appeal purposes, the divorce judgment was a final judgment; however, it also continued to be interlocutory in nature in the event it became essential to augment, refine, clarify, or enforce provisions regarding the final disposition of property and the division of the proceeds.).

## IV.   CONCLUSION

For the reasons explained above, the Court **GRANTS** ADHR's motion to dismiss.  The Court also **GRANTS** Judge Hall and Judge Hundley's motion to dismiss.  The Court will enter a separate order dismissing with prejudice Mr. Burrell's claims against ADHR, Judge Hall, and Judge Hundley and dismissing without prejudice Mr. Burrell's claims against defendants Madison County, Alabama, Timothy Callins, Marilyn Kavanaugh, Jolayne Hall, and Nancy Buckner.

The Court understands the challenges that Mr. Burrell has encountered in his efforts to resolve his child support obligations.  As the Court explained during the March 17, 2016 telephone conference, Mr. Burrell may contact the Birmingham Volunteer Lawyers Program at 205-250-5198 for assistance.  The Birmingham Volunteer Lawyers Program has a domestic relations help desk.  Mr. Burrell also may seek assistance by contacting Legal Services of Alabama at 1-866-456-4995,

the Alabama State Bar Lawyer Referral Service at 334-265-2318, or the Madison

County Volunteer Lawyers Program at 256-539-2275.

   **DONE** and **ORDERED** this March 21, 2016.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE